UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Ulysses McFarlin, | ) | C/A No. 6:10-83 -TLW-WMC |
|---|---|---|
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| M. M. Mitchell, | ) | |
| Respondent. | ) | |

The petitioner, Ulysses McFarlin ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at FCI-Edgefield in Edgefield, South Carolina. Petitioner paid the full filing fee for this case. In this action, Petitioner alleges that his sentence is illegal, and he seeks to be re-sentenced because he is actually innocent of the armed career offender designation. (Pet. at pp.3-4)

## *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro*

---

1 Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this court is charged with screening the plaintiff's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## **Background**

On September 5, 2006, Petitioner pled guilty in this district court before the Honorable Terry L. Wooten to one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine. (Pet. at p.2) *See also United States v. Ulysses McFarlin*, Cr. No. 4:06-207-TLW-1 (Docket Entries 256 and 257).[2] It appears that

---

[2] It is appropriate for this District Court to take judicial notice of the plaintiff's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

the Honorable Terry L. Wooten held Petitioner's sentencing hearing on January 31, 2008, and that the judgment was entered on March 20, 2008, for the sentence of 212 months imprisonment plus ten years of supervised release. *See United States v. Ulysses McFarlin*, Cr. No. 4:06-207-TLW-1 (Docket Entries 499 and 507). It appears that Petitioner did not file a direct appeal in his criminal case nor did he file a § 2255 motion. *Id.*

Petitioner alleges that he was sentenced under the Armed Career Criminal Act ("ACCA") as a career offender because this court had determined that Petitioner had three predicate offenses which required that he be sentenced under the ACCA. (Pet. at p.3) Petitioner alleges that one of his predicate offenses, a "crime of violence," was for a prior conviction of failure to stop for a blue light ("FTSBL") under South Carolina Code § 56-5-750. (Pet. at p. 7) Petitioner attached exhibits which indicate that the state court indictment did *not* charge him with "wilful" or "intentional" failure to stop for a blue light. (Pet. at p. 8) Petitioner alleges that pursuant to *United States v. Roseboro*, 551 F.3d 226 (4th Cir. 2009) (holding that FTSBL may not qualify as a crime of violence depending upon the circumstances), he must be re-sentenced without the ACCA being applied. Additionally, Petitioner argues that one of the other predicate offenses which caused his career offender status was not an adult offense (i.e., a youthful offender conviction), and it could not have been counted under the ACCA. (Pet. at p. 4) Petitioner states that, under the current state of the law, he does not have three "violent felonies or serious drug offense to trigger the ACCA," that he "is actually innocent of the ACCA," and that his "sentence is illegal." (Pet. at p. 3)

Petitioner raises his claim pursuant to 28 U.S.C. § 2241 because he asserts that the "savings clause" of 28 U.S.C. § 2255 permits him to bring his claim as a § 2241 habeas case. *Id.*

### Discussion

Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009) (citation omitted). If a petitioner attacks the validity of his sentence, this type of claim should usually be brought under § 2255 in the sentencing court. *Id.* A § 2241 habeas petition generally challenges the execution or implementation of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers. *Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780 at *4 (D.S.C. 2006). A writ under § 2241 by a federal prisoner must be brought against the warden of the facility where the prisoner is being held, and a court may only issue a writ if it has jurisdiction over the custodian. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); 28 U.S.C. § 2241(a). Because Petitioner is incarcerated in the District of South Carolina and he apparently named his warden as the Respondent, this § 2241 petition was properly filed in this court. However, a threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

Title 28 U.S.C. § 2255 is the primary means under which a federal prisoner, such as Petitioner, may collaterally attack the legality of his conviction or sentence. The statute provides that:

4

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. A petition under § 2241 is available for a federal prisoner to collaterally attack his conviction or sentence, however, when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see also Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Fourth Circuit unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34.

It appears that Petitioner cannot satisfy the savings clause because the reach of the savings clause has not been extended to prisoners who challenge only their sentences. *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *3 (D.S.C. April 7, 2009). *See also United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (the Court did

5

not need to address whether the § 2255 savings clause applied to the merits of the § 2241 petition which alleged that the petitioner was innocent of his sentence because he was incarcerated as a career offender when he was not in fact a career offender). Petitioner in this case does not claim to be actually innocent of his conviction for conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine. Instead, he argues that he is actually innocent of being an armed career criminal and that his sentence is illegal. This court cannot find support to permit it, pursuant to § 2241, to determine whether Petitioner is actually innocent of his sentence. *See James v. Stansberry*, C/A No. 3:08CV512, 2009 WL 320606 (E.D. Va. Feb. 9, 2009) (finding that the § 2241 petition, which raised a claim that the FTSBL conviction could no longer be a "violent felony" under the ACCA, was really a § 2255 successive motion). *Cf. United States v. Maybeck*, 23 F.3d 888, 893-94 (4th Cir. 1994) (finding for petitioner, in a § 2255 action, that he was actually innocent of the classification as a career offender and remanding for re-sentencing).

For several reasons, this court believes that it is in the interest of justice to re-characterize this *pro se* § 2241 habeas petition as a § 2255 habeas motion. *See Castro v. United* States, 540 U.S. 375, 381 (2003) (noting that "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."); *Manigault v. Lamanna*, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at 4, fn.4 (D.S.C. May 11, 2006) ("This Court is not bound by Petitioner's characterization of his claims ... ."). This same district court was the sentencing court in Petitioner's criminal case, and it does not appear that Petitioner has

filed a previous § 2255 motion.  A claim raised in this action may be cognizable in a § 2255 motion (change in the law regarding the FTSBL predicate offense).  Also, the AEDPA one-year statue of limitations may be an issue if this action is dismissed without prejudice so that Petitioner can file a subsequent § 2255 motion.[3]  If this action is re-characterized as a § 2255 motion, Petitioner is hereby informed that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions.[4]  Accordingly, Petitioner may withdraw his petition or amend it so that it contains all of the § 2255 claims that he believes he has.  *See United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008); *United States v. Castro*, 540 U.S. 375 (2003).  As explained on the last page of this Report and Recommendation, Petitioner is given fourteen (14) days to file objections to this Report and Recommendation, and Petitioner must also withdraw his petition or amend it so that it contains all of the § 2255 claims that he believes he has, if he chooses to do so, within the same fourteen (14) day deadline.[5]

## **Recommendation**

It is recommended that the petition filed in the above-captioned case be re-characterized as a habeas petition pursuant to 28 U.S.C. § 2255 and filed in this district

---

3 Of course, the AEDPA statute of limitations may be an issue even if this action is re-characterized as a § 2255 motion.

4 Before a petitioner may litigate a second § 2255 habeas petition, the "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244 (regarding the finality of determination).

5 Certainly, the United States District Court judge may adjust this deadline.

court as such a motion in Petitioner's criminal action *United States v. Ulysses McFarlin*, Cr. No. 4:06-207-TLW-1,[6] and that the filing date of the said motion should be designated as January 9, 2010.[7] It is further recommended that the above-captioned case be dismissed without prejudice. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214. **The petitioner's attention is directed to the important notice on the next page.**

s/William M. Catoe
United States Magistrate Judge

February 2, 2010
Greenville, South Carolina

---

[6] The Office of the Clerk of Court should open a § 2255 habeas action using its usual administrative methods.

[7] The "delivery" date of Petitioner's habeas petition appears to be January 9, 2010. (Pet. at p.9) *See Houston v. Lack*, 487 U.S. 266, 270-276 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).