IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ulysses McFarlin, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No.: 6:10-cv-83-TLW-WMC |
| ) | |
| M.M. Mitchell, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

# ORDER

The petitioner, Ulysses McFarlin ("petitioner"), brought this civil action, pro se, pursuant to 28 U.S.C. § 2241 on January 15, 2010. (Doc. # 1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by the United States Magistrate Judge to whom this case had previously been assigned. (Doc. # 10). In the Report, the Magistrate Judge recommends that the District Court re-characterize this § 2241 habeas petition as a 28 U.S.C. § 2255 motion. (Doc. # 10). The petitioner filed objections to the Report. (Doc. # 11). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not

1

objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. In his objections, the petitioner requests that his § 2241 petition not be re-characterized as a § 2255 motion. In light of this objection, the Court declines to accept the Magistrate Judge's recommendation that the Court re-characterize this § 2241 petition as a § 2255 motion.

This Court finds that the petitioner's § 2241 petition is subject to dismissal. The petitioner alleges he was sentenced under the Armed Career Criminal Act ("ACCA") as a career offender because the Court determined he had three predicate offenses. The petitioner asserts that one of the predicate offenses was failure to stop for a blue light under South Carolina Code Annotated § 56-5-750, that this conviction should not be considered a violent felony under the ACCA in light of recent Fourth Circuit case law, and that he should be re-sentenced without applying the ACCA. See United States v. Rivers, 595 F.3d 558, 559 (4th Cir. 2010) ("[W]e hold that under no circumstance is a violation of South Carolina's blue light statute a violent felony under the ACCA."). The petitioner also argues that another of the predicate offenses that caused his career offender status was not an adult offense but rather a youthful offender conviction, and therefore it should not have been considered a predicate offense for purposes of the ACCA. The petitioner brings his claims under § 2241 because he asserts the "savings clause" of § 2255 applies.

"[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255(e)). The Fourth Circuit has set forth a test for determining when a § 2255 motion should be considered inadequate or ineffective, thus making the § 2255 savings clause available to challenge the validity of the conviction through § 2241. The petitioner must demonstrate: "1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Id. at 333-34. The petitioner does not meet the second part of this analysis because he is not asserting that the conduct of which he was convicted has been deemed not criminal. Rather the petitioner is challenging only his sentence and more specifically the use of two prior convictions as predicate offenses under the ACCA. However, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Therefore, the petitioner has not established that a § 2255 motion is inadequate or ineffective to test the legality of his detention, which would allow him to proceed under § 2241.

After careful review of the Report and objections thereto, the Court **DECLINES** to accept the Report's recommendation that this 28 U.S.C. § 2241 petition be re-characterized as a 28 U.S.C. § 2255 motion. (Doc. # 10). For the reasons set forth herein, this petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice and without requiring a response from the respondent.[1]

    **IT IS SO ORDERED**.

    s/Terry L. Wooten
    United States District Judge

October 13, 2011
Florence, South Carolina

---

[1] The Court notes that the record indicates the petitioner may now be housed in a federal correctional institution in Mississippi. (Doc. # 19).